UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LEON CLARKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00060-JRS-DLP |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Leon Clarke, an inmate at the United States Penitentiary in Terre Haute, Indiana,
brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the
enhancement of his sentence under the career offender provisions of the Sentencing Guidelines.
For the reasons that follow, Clarke's petition must be denied.

## I. Factual and Procedural Background

A. *Clarke's Guilty Plea and Sentence*

In 2007, Clarke pleaded guilty to the following charges in the Southern District of Florida:
conspiracy to commit, and interference with commerce by violence, in violation of 18 U.S.C. §
1951(a) (Hobbs Act Robbery) (Counts 1 and 2); brandishing a firearm during a crime of violence,
in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); conspiracy to, and taking a motor vehicle by
force (carjacking), in violation of 18 U.S.C. §§ 371 and 2119 (Count 9); carjacking, in violation
of 18 U.S.C. § 2119 (Counts 10 and 14); attempted carjacking, in violation of 18 U.S.C. § 2119
(Count 13); and brandishing a firearm during and in relation to a crime of violence, in violation of
18 U.S.C. §§ 924(c)(1)(A), 2119 (Count 15). *United States v. Clarke*, 2:07-cr-14030-JEM-2 (Crim.
Dkt.). He was sentenced to 356 months' imprisonment. Crim. Dkt. 116.

In fashioning Clarke's sentence, the sentencing court considered Clarke a career offender within the meaning of U.S.S.G. § 4B1.1 based on his current convictions and prior felony convictions for: (1) carrying a concealed firearms, in Florida, in 2002; and (2) two counts of battery on a law enforcement officer and two counts of resisting an officer with violence, in Florida, in 2003. *See In re Clarke*, No. 16-12754 (11th Cir. June 16, 2016). Clarke did not appeal.

B. *Clarke's Post-Conviction Motions*

In August 2013, Clarke filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Clarke v. United States*, 2:13-cv-14343-KMM (Civ. Dkt.) dkt 1. He claimed, in part, that he was erroneously classified as a career offender. *Id.*

The trial court denied Clarke's claim finding it to be untimely, procedurally barred, and not cognizable in a § 2255 motion. Civ. Dkt. 12, p. 5, 7-8; Civ. Dkt. 14.

In May 2016, Clarke filed an application with the Eleventh Circuit seeking to file a successive § 2255 motion. *In re Leon Clarke*, No. 16-12754. Clarke again claimed that he was erroneously designated as a career offender under the Sentencing Guidelines. The Eleventh Circuit denied the application finding that Clarke could not show that the Guidelines were unconstitutionally vague. *Id.*, Order, p. 4-7.

Clarke filed another application to file a successive § 2255 motion with the Eleventh Circuit on June 27, 2016. *In re Leon Clarke*, No. 16-14204. The Eleventh Circuit again denied his claim, finding that Clarke's attempted carjacking conviction continues to qualify as a "crime of violence" under § 924(c)(3)(A) (the force clause). *Id.*, Order, p.7 (citing *United States v. Moore*, 43 F.3d 568, 572-73 (11th Cir. 1994) (holding that the federal carjacking statute, 18 U.S.C. § 2119, clearly "encompasses the use, attempted use, or threatened use of physical force" required under § 924(c)(3)(A)).

In 2016, Clarke filed his first § 2241 habeas corpus petition, relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). In support of that petition, Clarke argued that he is not a career offender for purposes of section 4B1.1 of the Sentencing Guidelines. *Clarke v. S. Julian Warden*, 2:16-cv-479-JMS-DLP (2Civ. Dkt.) dkt. 1, 2.

On September 20, 2018, this Court denied his claim, stating:

> Mr. Clarke was sentenced in 2007, after the Supreme Court's 2005 ruling in *Booker* which rendered the Sentencing Guidelines advisory. Moreover, although Mr. Clarke's maximum sentence under 18 U.S.C. § 1915(a) for Counts 1 and 2 for robbery was twenty years, he had two counts of brandishing a firearm during a crime of violence, which have a statutory maximum of life imprisonment each. His sentence of 356 months was well below the statutory maximum. Furthermore, the sentencing judge recognized that the Guidelines were advisory, and concluded that a one-third reduction from the guideline range was appropriate given Mr. Clarke's cooperation with authorities. Crim. Dkt. 154 at 8. Under binding Seventh Circuit precedent, the fact that Mr. Clarke may have received a shorter sentence without the improper advisory Guideline enhancement is insufficient to show a miscarriage of justice. As a result, Mr. Clarke has failed to demonstrate that he is entitled to habeas relief under § 2241.

2Civ. Dkt. 41.

Clarke filed this § 2241 petition on January 31, 2020, and supplemented it on April 15, 2020.

### III. Discussion

Clarke again seeks relief pursuant to § 2241. Clarke argues that, under *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020), Hobbs Act Robbery does not qualify as a "crime of violence" under the career offender portion of the Sentencing Guidelines.

A. *Section 2241 Standards*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862

(7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc).  Under very limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1] Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).[2]

B. *Clarke's Claim*

Clarke argues that he is entitled to relief because he is innocent of the career offender enhancement. However, the Seventh Circuit has held that a defendant who claims he was wrongly treated as a career offender under the advisory Sentencing Guidelines cannot raise this alleged error in a collateral attack. *Hanson v. United States*, 941 F.3d 874, 877 (7th Cir. 2019) ("A change in the law revoking the status under the now-advisory [Sentencing] Guidelines . . . is not cognizable upon collateral review."); *Hawkins v. United States*, 706 F.3d 824-25 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013). This is because a guideline miscalculation or misapplication does not constitute a miscarriage of justice sufficient to satisfy the third *Davenport* factor. *See United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

Thus, "[t]here are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim." *Pierce*

---

[2] The respondent argues that statutory claims are not cognizable under §§ 2241 and 2255(e) but acknowledges that *Davenport* currently forecloses this contention. *See Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions).

*v. True*, No. 17-CV-696-DRH-CJP, 2018 WL 339255, at *2 (S.D. Ill. Jan. 9, 2018) (citing *Hawkins*, 706 F.3d at 820). The Sentencing Guidelines have been advisory and not mandatory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Clarke was sentenced after *Booker* was decided. Therefore, he cannot demonstrate a miscarriage of justice based on the alleged miscalculation of his advisory Sentencing Guidelines so as to permit a § 2241 petition.

In reply in support of his § 2241 petition, Clarke argues that he is not challenging the enhancement of his sentence under the career offender portion of the Sentencing Guidelines, but, under Amendment 798 to the Sentencing Guidelines, he is entitled to resentencing. But a motion pursuant to 18 U.S.C. § 3582(c)(2) is the proper method to seek a reduction in sentence based on an amendment to the Sentencing Guidelines, not this § 2241 petition.

### III. Conclusion

For the foregoing reasons, Leon Clarke's petition for a writ of habeas corpus is denied. Judgment dismissing this action with prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 1/21/2021

Distribution:

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

LEON CLARKE
72777-004
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel